CHRISTINA A. JUMP (D.C. ID No. TX151)
     cjump@clcma.org
CHELSEA G. GLOVER (D.C. ID No. TX0065)
     cglover@clcma.org
SAMIRA S. ELHOSARY (*pro hac vice* application pending)
     selhosary@clcma.org
Constitutional Law Center for Muslims in America
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507; Fax: (972) 692-7454

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA**, the legal division of the Muslim Legal Fund of America, a non-profit organization under Section 501(c)(3) of the Internal Revenue Code with its principal place of business at 100 N. Central Expy. Suite 1010, Richardson, Texas 75080, | CASE NO.: 1:23-cv-01573 |
| *Plaintiff,* | |
| vs. | CIVIL ACTION |
| **FEDERAL BUREAU OF INVESTIGATION**, located at 935 Pennsylvania Ave. NW Washington, DC 20535, | **PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND, IN THE ALTERNATIVE, PETITION FOR WRIT OF MANDAMUS** |
| *Defendant.* | |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND, IN THE ALTERNATIVE, PETITION FOR WRIT OF MANDAMUS

Plaintiff Constitutional Law Center for Muslims in America ("CLCMA"), by and through undersigned counsel, files this Complaint for Declaratory and Injunctive Relief and, in the alternative, Petition for Writ of Mandamus against Defendant the Federal Bureau of Investigation

1

("FBI"). Plaintiff CLCMA presents the following factual background and claims for relief in support:

## I.   INTRODUCTION

Plaintiff CLCMA seeks a declaration from this Court that the actions of Defendant FBI violate the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), *id.* §§ 551-559. Plaintiff CLCMA asks this Court to enjoin Defendant FBI from withholding responsive records in violation of FOIA and the APA. In the alternative, Plaintiff CLCMA seeks a Writ of Mandamus from this Court, ordering Defendant FBI to comply with all applicable FOIA and APA requirements.

## II.   PARTIES

1. Plaintiff CLCMA is the legal division of the Muslim Legal Fund of America, a non-profit organization under Section 501(c)(3) of the Internal Revenue Code. Founded in 2014, Plaintiff CLCMA provides pro bono representation in cases involving issues affecting the Muslim community.[1] As part of this representation, Plaintiff CLCMA submits numerous FOIA requests seeking information about federal agencies' participation and policies regarding the federal terrorist watchlist.

---

[1] *See generally Jibril v. Mayorkas*, 20 F.4th 804 (D.C. Cir. 2021) (holding that plaintiffs have standing to challenge their presumed watchlist status without the need to attempt travel again to prove their undisclosed status); *Ghedi v. Mayorkas*, 16 F.4th 456, 465 (5th Cir. 2021) (holding that the plaintiff alleged a plausible injury tied to the act of flying); *Maniar v. Wolf*, Civil Action No. 18-1362 (RDM), 2020 U.S. Dist. LEXIS 64940 (D.D.C. Apr. 10, 2020) (finding that information provided by the TSA was insufficient to determine whether the No Fly list violates due process); *Eberle v. Nielsen*, Case No. 1:19-cv-00486 (D.D.C. filed Feb. 26, 2019), at Dkt. 7, "Plaintiff's Motion for Voluntary Dismissal" at 2 (motioning for dismissal based solely on the government removing the plaintiff from the No Fly list after his bringing suit); *Maniar v. Nielsen*, Case No. 1:18-cv-01362 (D.D.C. filed June 7, 2018), at Dkt. 35, "Notice of Non-Suit and Voluntary Dismissal" at 1 (same).

2. Defendant FBI is a federal agency subject to FOIA and has custody and control of the records that are the subject of this action. 5 U.S.C. § 552(f)(1).

### III.   JURISDICTION AND VENUE

3. FOIA grants this Court both subject matter jurisdiction over this action and personal jurisdiction over the parties. 5 U.S.C. § 552(a)(4)(B).

4. This Court possesses federal question jurisdiction under 28 U.S.C. § 1331, mandamus jurisdiction under 28 U.S.C. § 1361, jurisdiction under the APA, 5 U.S.C. §§ 555(b) and 706(b), and the Declaratory Judgment Act, 28 U.S.C. § 2201.

5. Venue is appropriate in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which states in relevant part that "the district court of the United States … in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records[.]"

### IV.   STATEMENT OF FACTS

6. Plaintiff CLCMA alleges and incorporates all numbered paragraphs above.

7. FOIA requires federal agencies to respond to statutorily adequate requests for agency records.

8. Defendant FBI promulgates rules and regulations for an individual to request agency records.[2]

9. Plaintiff CLCMA submitted a FOIA request to Defendant FBI on January 5, 2022, via Defendant FBI's Electronic Freedom of Information/Privacy Acts ("eFOIPA") portal.

10. Plaintiff CLCMA's FOIA request seeks records from Defendant FBI regarding its policies, practices, and role in the terrorist watchlisting system, including participation in and policies regarding the Watchlisting Advisory Council, known or suspected terrorist encounter analysis

---

[2] Fed. Bureau of Investigation, *Freedom of Information/Privacy Act*, HOW WE CAN HELP YOU, https://www.fbi.gov/services/information-management/foipa (last visited June 1, 2023).

procedures, the Transnational Organized Crime watchlist, foreign government access to the Terrorist Screening Dataset ("TSDS"),[3] and private entity access to the TSDS.[4]

11. On January 5, 2022, Defendant FBI acknowledged receipt of Plaintiff CLCMA's request via an email from "foipaquestions@fbi.gov."

12. On February 1, 2022, having received no further correspondence from Defendant FBI about its request, Plaintiff CLCMA contacted Defendant FBI via an email to "foipaquestions@fbi.gov." Plaintiff CLCMA asked that Defendant FBI provide a tracking number to monitor its submission's status.

13.  Defendant FBI responded the same day, informing Plaintiff CLCMA that its request was in the queue to assign a tracking number.

14. On February 14, 2022, Defendant FBI informed Plaintiff CLCMA that documents were available for download through eFOIPA. The available documents comprised only five confirmation letters with tracking numbers for the five topics in Plaintiff CLCMA's request.

15. On March 23, 2022, Plaintiff CLCMA requested that Defendant FBI provide an estimated date for completion of its processing of Plaintiff CLCMA's request.

16. On April 20, 2022, Defendant FBI informed Plaintiff CLCMA that it could not provide an estimated completion date because the assigned FOIA analyst continued searching for responsive records.

17. Defendant FBI further explained that it processes requests in two primary tracks: simple (less than 50 pages of documents) and complex (more than 50 pages).

---

[3] Formerly known as the Terrorist Screening Database ("TSDB"), the TSDS integrates data from different federal agencies to support, among other things, Defendant FBI's criminal justice investigations. *See* U.S. DEP'T OF JUST., OFF. OF THE INSPECTOR GEN., AUDIT REP. 05-27, REVIEW OF THE TERRORIST SCREENING CENTER (2005) ("Review of the TSC") at v.
[4] *See* Exhibit A.

18. Complex requests break down into medium, large, and extra-large sub-tracks.

19. At the time of Defendant FBI's April 20, 2022 email, Defendant FBI reported that simple track requests took an average of 111 days to process, medium track requests took an average of 895 days, large track requests took an average of 1,929 days, and extra-large track requests took an average of 2,360 days.

20. Defendant FBI had not yet assigned Plaintiff CLCMA's request to a track as of the April 20, 2022 email, so the FOIA office provided the estimate for complex/large track requests of 1,929 days (just over five years).

21. On June 1, 2022, in light of Defendant FBI's estimated timeline for completion of its request, Plaintiff CLCMA filed an administrative appeal with the Department of Justice's Office of Information Policy ("OIP"), which handles FBI FOIA appeals.

22. Plaintiff CLCMA's administrative appeal challenged Defendant FBI's constructive denial of the request through excessive delay in processing it.

23. On June 13, 2022, OIP responded by confirming receipt of five appeals corresponding to the five requests Defendant FBI acknowledged.

24. On June 27, 2022, OIP notified Plaintiff CLCMA via email that the Office had no action to review on appeal because Defendant FBI did not render an adverse determination.

25. On September 9, 2022, Plaintiff CLCMA mailed a letter to Defendant FBI's FOIA Public Liaison, the designated representative for requesters to communicate their FOIA concerns. As of the filing date of this Complaint, Plaintiff CLCMA has received no response.

26. On September 15, 2022, Defendant FBI communicated via email that documents were available for download. The available documents comprised two letters closing Plaintiff CLCMA's request regarding the Transnational Organized Crime watchlist and private entity access to the TSDS.

27. The letter in response to the Transnational Organized Crime watchlist request averred that the request needed to provide more detail to constitute a valid request.

28. The letter in response to the private entity access request determined that Defendant FBI could not locate responsive records.

29. Plaintiff CLCMA timely submitted an administrative appeal of these determinations on November 2, 2022.

30. On November 17, 2022, OIP acknowledged receipt of the appeals and assigned them tracking numbers.

31. On November 10, 2022, Plaintiff CLCMA requested a status update for the three remaining open requests via email to foipaquestions@fbi.gov.

32. Defendant FBI replied that the requests remained in the initial processing stage and that it could not provide an estimated completion time.

33. At the time of that email, however, Defendant FBI responded that simple track requests were processed in 98 days, complex medium track averaged 947 days, complex large track requests 2,011 days, and complex extra-large 2,360 days.

34. The email averred that the best estimate Defendant FBI could provide is 2,011 days, approximately five and a half years.

35. FOIA mandates a twenty working day timeframe for an agency to determine whether to comply with a request. 5 U.S.C. § 552(a)(6)(A)(i).

36. FOIA provides an additional ten-working day extension for unusual circumstances, provided the agency communicates the reason for the delay to the requester. 5 U.S.C. § 552(a)(6)(B)(i).

37. As of the filing date of this Complaint, three portions of the request have been pending for 325 working days.

38. Congress expressed its intent for agencies to engage meaningfully with FOIA requests upon receipt by including in the statute that records "shall" be made "promptly available." 5 U.S.C. § 552(a)(3)(A)(ii).

39. Defendant FBI's communicated timeline of 2,011 days is not prompt by any reasonable definition.

40. On March 1, 2023, Defendant FBI notified the undersigned that it declined Plaintiff CLCMA's request for a public interest fee waiver.

41. That letter also referenced the civil action number for Plaintiff CLCMA's ongoing lawsuit against the Terrorist Screening Center ("TSC"), to which Plaintiff CLCMA directed a separate FOIA request for different information.

42. Defendant FBI's March 1, 2023 letter characterized CLCMA's request to Defendant FBI as "in litigation." Plaintiff has filed no claim on its request to Defendant FBI prior to the filing of this Complaint.

43. OIP also closed Plaintiff CLCMA's November appeals, explaining its policy not to respond to requests in litigation. Again, before this Complaint, Plaintiff CLCMA filed no lawsuit addressing its request to Defendant FBI.

44. Plaintiff CLCMA's request at issue in this Complaint is distinct and separate from the request at issue in the TSC litigation.

45. Plaintiff CLCMA's request to Defendant FBI differs from its request already being litigated against the TSC, and enforcement of the requests to different entities requires elucidating different operating facts.

46. Plaintiff CLCMA has exhausted all available administrative remedies because Defendant FBI failed to comply with the time limits specified in FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

## V.    CAUSES OF ACTION

**Count I: Violation of FOIA – Unreasonable Agency Delay**

47. Plaintiff CLCMA alleges and incorporates by reference all numbered paragraphs above.

48. Defendant FBI is an agency subject to FOIA and its requirements, as described above. 5 U.S.C. §
552(f)(1).

49. Defendant FBI promulgates regulations defining the time, place, fees, and procedures individuals
must follow to request records under FOIA. 5 U.S.C. § 552(a)(3)(A).

50. Plaintiff CLCMA followed Defendant FBI's regulations by submitting a request through the FBI's
eFOIPA system.

51. Defendant FBI confirmed that Plaintiff CLCMA's request met its requirements in its February 14
letters.

52. Defendant FBI informed Plaintiff CLCMA that it would take more than five years to process
Plaintiff CLCMA's request.

53. FOIA provides requesters the right to bring an action in federal court when an agency fails to
meaningfully "respond in a timely manner." 5 U.S.C. § 552(a)(6)(E)(iii).

54. FOIA's success depends on agency efforts to produce responsive, non-exempt records "in as short
a time as is possible."[5]

55. Defendant FBI failed to comply with its obligations under FOIA by failing to process Plaintiff
CLCMA's request promptly.

56. Defendant FBI failed by closing Plaintiff CLCMA's appeals of its rejections to date, erroneously
claiming that the requests were already the subject of litigation.

---

[5] *Jud. Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 895 F.3d 770, 781 (D.C. Cir. 2018) (quoting
*Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 616 (D.C. Cir. 1976)).

57. Plaintiff CLCMA exhausted all available administrative remedies.

58. Plaintiff CLCMA is entitled to declaratory and injunctive relief and an order that Defendant FBI process and respond to Plaintiff CLCMA's FOIA request within a specific, reasonable timeframe set by this Court and enjoining Defendant FBI from withholding responsive records.

**Count II: Violation of FOIA – Unlawful Policy and Practice**

59. Plaintiff CLCMA alleges and incorporates by reference all numbered paragraphs above.

60. Upon information and belief, Defendant FBI's actions regularly violate FOIA's procedural requirements by consistently failing to respond to requests within the statute's required timeframes or any reasonable period.

61. Per the most recent information Plaintiff CLCMA has from Defendant FBI's November 10, 2022 email, Defendant FBI regularly fails to process FOIA requests it receives any earlier than 98 days from receipt and may take as long as 2,360 days (approximately six and a half years) to complete its processing.

62. If Defendant FBI provides Plaintiff CLCMA with records responsive to Plaintiff CLCMA's request 2,011 days from receipt of the request, the information provided becomes stale and no longer of the same value to Plaintiff CLCMA.[6]

63. Plaintiff CLCMA foresees submitting future FOIA requests to Defendant FBI, consistent with Plaintiff CLCMA's mission and demonstrated litigation practice.

64. Delays of the length predicted by Defendant FBI violate the purpose of FOIA in that these lengthy delays counteract the transparency Congress intended in enacting FOIA.

65. Plaintiff CLCMA suffers injuries directly from Defendant FBI's unlawful policies and practices.

---

[6] *See Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) (finding that the plaintiff's receipt of the information eventually provided was insufficient relief because it was more costly and less valuable than "fresh information").

66. Defendant FBI's actions will continue to harm Plaintiff CLCMA unless this Court instructs Defendant FBI to follow FOIA's procedural requirements.

**Count III: Violation of the APA – Agency Action Unlawfully Withheld**

67. Plaintiff CLCMA alleges and incorporates by reference all numbered paragraphs above.

68. Defendant FBI is a federal agency subject to the requirements of FOIA, including its provision requiring Defendant FBI to process requests within 30 working days, absent a communicated extraordinary circumstance.

69. Defendant FBI failed to respond to Plaintiff CLCMA's FOIA request within the statutory timeframe and expressed no intent to respond within an objectively reasonable time.

70. Defendant FBI failed to make the requested records available to Plaintiff CLCMA, constituting agency action wrongfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

71. Defendant FBI failed to fulfill its obligations under FOIA by closing Plaintiff CLCMA's administrative appeals with no substantive response, erroneously claiming the request is already the subject of litigation.

72. Defendant FBI's failure to respond timely adversely affects, aggrieves, and injures Plaintiff CLCMA.

73. By failing to respond timely, Defendant FBI frustrates Plaintiff CLCMA's mission of challenging governmental measures that encroach on guaranteed constitutional liberties, as there is no other method for Plaintiff CLCMA to understand the FBI's terrorist watchlisting policies and procedures.

74. Plaintiff CLCMA timely submitted an administrative appeal. The Office of Information Policy informed Plaintiff CLCMA that it could not process the appeal due to Defendant FBI's lack of an

adverse determination. Plaintiff CLCMA, therefore, exhausted all administrative remedies available.

75. Plaintiff CLCMA is entitled to declaratory and injunctive relief compelling Defendant FBI to timely and fully respond to Plaintiff CLCMA's request for records and enjoining Defendant FBI from withholding records.

**Count IV: Petition for Writ of Mandamus**

76. Plaintiff CLCMA alleges and incorporates all numbered paragraphs above.

77. A petition for writ of mandamus is appropriate where a plaintiff demonstrates: (1) "a clear and indisputable right to relief," (2) the government defendant has "a clear duty to act," and (3) there is "no adequate alternative remedy" available to the plaintiff.[7]

78. Plaintiff CLCMA has a clear right under FOIA to have Defendant FBI process a request for records "in a timely manner." 5 U.S.C. § 552 (a)(3)(A).

79. Defendant FBI has a clear duty to make records promptly available. 5 U.S.C. § 552 (a)(3)(A).

80. Defendant FBI must make reasonable efforts to search for records. 5 U.S.C. § 552 (a)(3)(B).

81. Plaintiff CLCMA has no adequate alternative remedy remaining, as the administrative body that processes FBI FOIA appeals has refused to process Plaintiff CLCMA's appeal.

82. FOIA determines that a requester exhausts its administrative remedies when an agency fails to respond substantively within twenty-working days. 5 U.S.C. § 552 (a)(6)(C)(i).

---

[7] *Citizens for Responsibility & Ethics in Wash. v. Trump*, 924 F.3d 602, 606 (D.C. Cir. 2019).

**Count V: Declaratory Judgment Act**

83. Plaintiff CLCMA alleges and incorporates all numbered paragraphs above.

84. Plaintiff CLCMA respectfully requests this Court declare that Defendant FBI's actions violate the above-listed statutes pursuant to 28 U.S.C. §§ 2201-2202.[8]

**Count VI: Attorneys' Fees under FOIA or the Equal Access to Justice Act**

85. Plaintiff CLCMA alleges and incorporates all numbered paragraphs above.

86. FOIA permits courts to award reasonable attorney fees and costs if the plaintiff substantially prevails in the action. 5 U.S.C. § 552(a)(4)(E)(i).

87. Plaintiff CLCMA respectfully requests this Court grant fees and costs if this Court determines that Plaintiff CLCMA substantially prevails under FOIA.

88. The Equal Access to Justice Act ("EAJA"), as amended 5 U.S.C. § 504 and 28 U.S.C. § 2412, provides for awarding costs and attorneys' fees to a prevailing party in litigation against the United States or one of its agencies.

89. To the extent that this Court does not award fees under FOIA, Plaintiff CLCMA respectfully requests that this Court grant it costs and fees as provided by the EAJA.[9]

---

[8] Plaintiff CLCMA recognizes that declaratory relief is not a freestanding cause of action and instead is a remedy available; for clarity, Plaintiff CLCMA includes this relief as an enumerated cause of action.

[9] Plaintiff CLCMA recognizes that a request for attorneys' fees is not a freestanding cause of action, nor can this Court determine the award before the conclusion of litigation. Plaintiff CLCMA includes this enumerated cause of action for clarity and preservation of the request.

## VI.    PRAYER FOR RELIEF

Plaintiff CLCMA prays for judgment in its favor and against Defendant FBI and respectfully requests this Court grant the following relief:

1. Declare that Defendant FBI's current request processing system violates FOIA;

2. Enjoin Defendant FBI from further delay in processing Plaintiff CLCMA's FOIA request;

3. Enjoin Defendant FBI from withholding any non-exempt records responsive to Plaintiff CLCMA's FOIA request;

4. Issue a written finding that the circumstances surrounding the withholding raise questions about whether agency personnel acted arbitrarily or capriciously concerning the withholding;

5. Declare that Defendant FBI's actions violate the APA;

6. In the alternative, grant Plaintiff CLCMA's Petition for Writ of Mandamus and compel Defendant FBI to fully and timely respond to Plaintiff CLCMA's request for records;

7. Retain jurisdiction during the processing of Plaintiff CLCMA's request to ensure compliance with this Court's orders;

8. Award Plaintiff CLCMA its costs and reasonable fees incurred in this action under FOIA or, in the alternative, the EAJA; and

9. Grant such other relief as the Court may deem just and proper.

Respectfully submitted this 1st day of June, 2023.

*__/s/ Christina A. Jump__*

Christina A. Jump

(D.C. ID No. TX151)

Chelsea G. Glover

(D.C. ID No. TX0065)

Samira S. Elhosary

(*pro hac vice* application pending)

Constitutional Law Center for Muslims in America

100 N. Central Expy. Suite 1010

Richardson, Texas 75080

Tel: (972) 914-2507; Fax: (972) 692-7454

cjump@clcma.org

cglover@clcma.org

selhosary@clcma.org
